## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IRA G. ESSOE, III,
        Appellant,

     v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
DC-1221-18-0313-W-1

DATE: November 16, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ira G. Essoe, III, APO, AE, pro se.

Kimberly A. Jones, APO, AE, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We have expressly MODIFIED the initial decision to consider certain evidence the appellant submitted with his petition for review. Having done so, we AFFIRM the initial decision dismissing the IRA appeal for lack of jurisdiction.

## BACKGROUND

¶2 On February 11, 2018, the appellant, a GS-11 Operations Specialist, filed an IRA appeal in which he alleged that he had disclosed improper activity by his supervisors, including their having falsely accused him of poor performance, and that, based on these disclosures, he was given a poor evaluation, denied a within-grade increase (WIGI), and ultimately removed from his position and reassigned to another, in his view, lesser position. Initial Appeal File (IAF), Tab 1 at 5. He indicated that he had filed a whistleblowing complaint with the Office of Special Counsel (OSC) on November 15, 2016, and received written notice on December 7, 2017, that OSC had terminated its investigation, *id.* at 4, although he did not submit a copy of either document. He requested a hearing. *Id.* at 2.

¶3 The administrative judge issued a thorough order on jurisdiction and proof requirements in connection with the appellant's IRA appeal. IAF, Tab 3. In response, the appellant submitted a copy of OSC's December 7, 2017 closure letter acknowledging his claim that, in September 2016, he reported a hostile

work environment to the Deputy Garrison Commander and the Army Civilian Personnel Advisory Center (CPAC), and that, in retaliation, the Director and the Deputy Director, Directorate of Emergency Services, changed his duties, reassigned him, subjected him to a hostile work environment, and proposed to suspend him for 5 days based on Failure to Perform Assigned Tasks and Failure to Follow Instructions. IAF, Tab 5 at 2-3. The appellant also submitted a lengthy narrative, *id.* at 4-26, and other documents, many of which related to his performance, including counseling notes, *id.* at 27-104. The agency moved that the appeal be dismissed for lack of jurisdiction and as untimely filed, IAF, Tab 6, and the administrative judge ordered the appellant to again address the jurisdictional issue and to respond to the agency's motion, IAF, Tab 8. In another lengthy submission, the appellant raised additional allegations of wrongdoing by his supervisors, including that they lied about his assigned duties and the quality of his work, IAF, Tab 10 at 7-12, 24-30, 17-19, and 22-23. The appellant also challenged the merits of the proposed 5-day suspension, *id.* at 12-14, 23-24, described the impact on him personally of the Letter of Reprimand he ultimately received and of the other actions taken against him, *id.* at 14-16, 37-45, and set out additional "Incidents of Interest," *id.* at 32-36. The agency renewed its motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 11.

¶4      The administrative judge issued an initial decision based on the written record. IAF, Tab 12, Initial Decision (ID). He first found that the appellant established by preponderant evidence that he exhausted before OSC his claim that, in retaliation for his September 2016 hostile work environment disclosure to the Deputy Garrison Commander, the Deputy Director, Directorate of Emergency Services proposed the appellant's 5-day suspension in October 2016, and the Deputy and the Director subjected him to a substantial change in duties, a reassignment, and a hostile work environment. The administrative judge found, however, that the appellant did not exhaust before OSC his claim regarding the denial of his WIGI. In making these findings, the administrative judge considered

only OSC's closure letter of December 7, 2017, noting that the appellant had failed to submit his actual OSC complaint, despite being directed to do so. ID at 6-10. The administrative judge next found that the appellant failed to nonfrivolously allege that he made a protected whistleblowing disclosure because, based on the allegations he exhausted before OSC, the administrative judge was unable to determine the nature of and/or basis for the appellant's hostile work environment claim, although the administrative judge indicated that he would not speculate on the information OSC might have had before it in the context of the appellant's complaint. ID at 10-11. Finally, the administrative judge found that, even assuming the appellant could establish that his hostile work environment disclosure satisfied the nonfrivolous jurisdictional standard, he failed to allege before OSC factors to show that his disclosure could have been a contributing factor in the agency's decision to take a personnel action against him. ID at 11-12. Accordingly, the administrative judge dismissed the appellant's appeal for lack of jurisdiction.[2] ID at 1, 12-13.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, to which the agency has responded in opposition. PFR File, Tab 3.

## ANALYSIS

¶6 On petition for review, the appellant states, regarding his OSC complaint, that he believed the Board would have access to OSC's complete file and did not realize that the Board would not have such access. PFR File, Tab 1 at 6.

---

[2] While noting that the appellant failed to prove that his appeal was timely filed, the administrative judge stated that he did not address the issue, given his jurisdictional finding. ID at 13 n.11. The appellant's appeal was required to be filed no later than 65 days after the date of issuance of OSC's written notification to the appellant that it was terminating its investigation of his allegations. 5 C.F.R. § 1209.5(a)(1). Because OSC's written notification was issued on December 7, 2017, IAF, Tab 5 at 2-3, the appellant's IRA appeal had to be filed by February 12, 2018, 5 C.F.R. §§ 1209.3, 1201.4(i). Therefore, the appeal, filed on February 11, 2018, was, in fact, timely. However, to the extent the administrative judge erred in this regard, his error did not prejudice the appellant's substantive right because, upon our review, we agree with the administrative judge that the appellant failed to establish the Board's jurisdiction over his appeal. *Panter v. Department of the Air Force,* 22 M.S.P.R. 281, 282 (1984).

Accordingly, with his petition for review, the appellant has submitted a copy of his OSC complaint, *id.* at 23-57, and other correspondence he filed with and received from OSC, *id.* at 76-125. Generally, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Even though none of these documents qualifies as new evidence, the issue of the Board's jurisdiction is always before the Board and may be raised at any time. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016). Here, because the appellant's OSC complaint and other correspondence he exchanged with OSC could bear on the decision of the administrative judge to dismiss this IRA appeal for lack of jurisdiction, *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 9 (2016), we have considered the documents.[3]

¶7      As noted, the administrative judge found that the appellant exhausted before OSC his claims that, in retaliation for his September 2016 hostile work environment disclosure to agency officials, he received in October 2016 a proposal that he be suspended for 5 days. The administrative judge also found that, because the appellant notified Garrison Leadership of a hostile work environment, the Director and the Deputy Director, Directorate of Emergency Services retaliated against him for that disclosure. ID at 8. We perceive that the latter claim is reflected in the appellant's OSC complaint. Specifically, he alleged that, from April 14-26, 2016, he disclosed to the Director of CPAC and a Human Resources Specialist that the Director, Directorate of Emergency Services

---

[3] Because the appellant has not shown that he submitted to OSC the other documents he has submitted with his petition for review, PFR File, Tab 1 at 58-75, 126-169, 175-232, we have not considered them. They are either not new, not material to the dispositive jurisdictional issue in this case, or both. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. at 214; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will generally not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

had created a hostile work environment, and that, in retaliation for this disclosure, the appellant was removed from his position and placed in a lesser position on February 26, 2016. PFR File, Tab 1 at 30, 43. The appellant also alleged in his OSC complaint that, on May 24, 2016, he made the same disclosure to the Deputy Garrison Commander, and also disclosed that he was removed from the lesser position and not assigned any work, and that, in retaliation for these disclosures, he was issued a notice of proposed suspension. *Id.* at 30, 45. Thus, we have considered the appellant's OSC complaint, missing from the record below, and find that it supports the administrative judge's findings regarding exhaustion.[4]

¶8        The administrative judge further found, however, that the appellant failed to nonfrivolously allege that he made a protected whistleblowing disclosure because, based on the record before him, the administrative judge was unable to determine the nature of and/or basis for the appellant's hostile work environment claim. ID at 8. A protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Bradley v. Department of Homeland Security,* 123 M.S.P.R. 547, ¶ 7 (2016). To succeed in this part of his jurisdictional burden, an appellant must nonfrivolously allege that a disinterested observer with the employee's knowledge of essential facts could reasonably conclude that the disclosed information constituted a protected disclosure. *Id.* An employee's purely subjective perspective is not sufficient. *Lachance v. White,* 174 F.3d 1378, 1381 (Fed. Cir. 1999). In his OSC complaint, the appellant described the Director's

---

[4] We note that the administrative judge found that the appellant failed to establish exhaustion regarding his claim that he was denied a WIGI in retaliation for his disclosures. ID at 9. In fact, the appellant raised this claim in his correspondence with OSC. PFR File, Tab 1 at 76, 81. However, because we agree with the administrative judge that the appellant failed to nonfrivolously allege that he made a protected disclosure, the administrative judge's error in not acknowledging that the appellant exhausted this claim does not prejudice his substantive rights. *Panter,* 22 M.S.P.R. at 282.

"micromanagement, impatience, and anger," and claimed that, when he (the appellant) stood up for other employees, the Director would "get indignant with [him]." PFR File, Tab 1 at 39. The appellant also claimed that the Director treated him with a "lack of respect" and acted in an unprofessional manner. *Id.* at 43. To the extent the appellant claims that he made these disclosures to Garrison leadership, they are too vague and conclusory to rise to the level of a nonfrivolous allegation of a protected disclosure.[5] *See, e.g.*, *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 12 (2016); *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶¶ 6-8 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016); 5 C.F.R. § 12014(s) (a nonfrivolous allegation must be more than conclusory).

¶9        We therefore agree with the administrative judge's finding that the appellant has failed to nonfrivolously allege that his disclosure is protected under the Whistleblower Protection Act and that therefore his IRA must be dismissed for lack of jurisdiction.[6] *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (holding that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before OSC and makes nonfrivolous allegations that: (1) He engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action); *Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶ 17 (2010) (explaining that

---

[5] We have also reviewed the documents the appellant submitted with his petition for review that reflect his correspondence to and from OSC, PFR File, Tab 1 at 76-125, and while these documents further set out the complaints the appellant had with his supervisors regarding his performance, they shed little additional light on the nature of his alleged disclosure to Garrison leadership of what he has described as a hostile work environment.

[6] Neither has the appellant nonfrivolously alleged that his disclosure is protected under the Whistleblower Protection Enhancement Act (WPEA). He alleges that he disclosed discrimination based on age and claimed in his correspondence to OSC that the agency discriminated against him on this basis, PFR File, Tab 1 at 78. However, the administrative judge correctly found that the WPEA does not extend the coverage of the whistleblower protection statutes to Title VII-related matters. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 19-21; ID at 10-11.

the Board need not address whether a disclosure was a contributing factor to a personnel action where the appellant has not made a nonfrivolous allegation that she made a protected disclosure), *overruled in part on other grounds* by *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 (2014).

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD:                          _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.